500 P.2d 1164

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Paul Victor SMITH, Defendant and Appellant.**

**No. 12831.**

Supreme Court of Utah.

Sept. 15, 1972.

Brian R. Florence of Florence & Hutchison, Ogden, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, David R. Irvine, Asst. Attys. Gen., Salt Lake City, for plaintiff-respondent.

HENRIOD, Justice:

Appeal from a conviction by jury verdict in a case involving obtaining money under false pretenses. Affirmed.

Smith says: 1) That the alleged false representations were of future, not present facts,—hence not the subject of criminal prosecution, and 2) That any representations made were not false. Both assertions are subjects determinable by the jury.

Believable admissible evidence viewed in support of the verdict, confirms the conclusion that Smith advertised in a livestock

journal that he, through his "P. V. Smith & Associates" company could show a rancher how he could expand his operation "without paying today's profit-depleting interest, without large loans to repay" so that the "operation can increase one quarter million and more." This was followed by an interview with one Evans, and other apparent get-rich-quick pilgrims to the Pot of Gold at the rainbow's end, in which Smith a) represented he was the President of a nonexistent corporation, b) had available funds and investors to promote a sort of lend-lease arrangement,—printed forms and all for signatures, etc., wherein the "Associates" was represented by word and in writing to be a corporation,—for all of which he exacted $3100 from Evans, and a like amount from others, with a promise to produce results within a specified time, which did not at all materialize,—accompanied by an excursion from the State, failure to appear at a designated time in court, with talk of extradition and a complete failure on Smith's part either to return or offer to return the $3100 exacted which was represented to be front money to form a corporation to float approved securities,—all of which turned out to be mythical mish-mash. Other misrepresentations of material, present facts need no further relating here, but they are reflected in the record.

Under the most elementary principles relating to review on appeal and apropos of the traditional function of a jury, we have no alternative but to reject the two points on appeal recited in paragraph 2 hereinabove, which we do.

CALLISTER, C. J., and TUCKETT, ELLETT, and CROCKETT, JJ., concur.